NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30165 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00216-JCC |
| v. | |
| RICHARD D. BLICK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 12, 2019
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PRATT,[**] District Judge.

Defendant-Appellant Richard Blick timely appeals his jury convictions and sentences for possession and receipt of child pornography. Blick argues his convictions for receipt and possession, a lesser-included offense of receipt,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

violated the Double Jeopardy Clause of the Fifth Amendment. Next, Blick argues the prosecutor committed misconduct by referring to Blick as a "predator" during its rebuttal argument in an effort to inflame the jury and arouse its passion against him, violating his Sixth Amendment Due Process right to a fair trial. Finally, Blick challenges the district court's application of a five-level enhancement for an offense involving at least 600 images. We have jurisdiction under 28 U.S.C. § 1291. Upon our review, we affirm.

On February 22, 2018, a grand jury returned a superseding indictment charging Blick in Count One with possession of child pornography for images discovered on a Samsung tablet, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and in Count Two with receipt of child pornography regarding images "other than those described in Count [One]," in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Following a trial, the jury convicted Blick on both counts. The district court imposed concurrent custodial sentences of 180 months on Count One and 240 months on Count Two, followed by a lifetime term of supervision.

We review issues not raised in the district court for plain error. *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1150 (9th Cir. 2012); *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). "We review 'the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of th[e] case for abuse of discretion, and

2

the district court's factual findings for clear error.'" *United States v. Lambert*, 498 F.3d 963, 966 (9th Cir. 2007) (alteration in original) (citation omitted).

Blick's convictions for receipt and possession of child pornography do not violate the Double Jeopardy Clause because they are not based on the same conduct. *See Davenport*, 519 F.3d at 947; *United States v. Johnston*, 789 F.3d 934, 938 (9th Cir. 2015); *United States v. Overton*, 573 F.3d 679, 697 (9th Cir. 2009); *United States v. Schales*, 546 F.3d 965, 977 (9th Cir. 2008). Blick does not deny that the Superseding Indictment clearly charged separate conduct. *See Schales*, 546 F.3d at 980. Additionally, law enforcement officers testified at trial which images were found on specific devices. And although the marshalling instruction for Count Two did not specify that the receipt charge related to devices "other than those described in Count [One]," the instruction for possession made clear that Count One related specifically to images discovered on the Samsung tablet. Further, the instructions for both counts informed the jury that it "must be unanimous as to which visual depiction (or visual depictions) satisfies all of the elements of th[at particular] crime." Thus, the district court did not plainly err in instructing the jury in this case.

Likewise, the prosecutor's single reference to Blick as a "predator" during rebuttal does not constitute plain error requiring us to overturn his convictions. *See Del Toro-Barboza*, 673 F.3d at 1151–52. The prosecutor referred to Blick as a

"predator" when describing the way he befriended a minor victim to obtain sexually explicit photographs of her. Blick has not demonstrated the prosecutor's statement was "designed to appeal to the passions, fears and vulnerabilities of the jury" rather than to further its theory of the case. *United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005). Moreover, Blick has failed to show how the remark substantially prejudiced his trial. *See United States v. Koon*, 34 F.3d 1416, 1445 (9th Cir. 1994), *aff'd in part, rev'd in part*, 518 U.S. 81 (1996).

Finally, the district court correctly applied the five-level enhancement of the U.S. Sentencing Guidelines Manual § 2G2.2(b)(7)(D) (U.S. Sentencing Comm'n 2016) [hereinafter U.S.S.G.], to the facts of this case. *See United States v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015); *see also* U.S.S.G. § 6A1.3(a) (permitting a district court to rely on any information that has "sufficient indicia of reliability to support its probable accuracy"). At trial, law enforcement officers testified that they discovered more than a thousand images and more than eight hundred videos[1] of child pornography. Thus, the court did not clearly err in finding that the offense involved more than 600 images of child pornography and did not abuse its discretion in applying the enhancement. *See Lambert*, 498 F.3d at 966.

**AFFIRMED.**

---

[1] Each video is considered to contain seventy-five images. U.S.S.G. § 2G2.2 cmt. n.6(B).

4